**FARMERS COOPERATIVE COMPANY, Appellee,**

v.

**STOCKDALES' CORPORATION, Defendant.**

**STOCKDALES' CORPORATION, Cross-Petitioner,**

v.

**CITY OF PLYMOUTH, Iowa, and Laurel Helm, Appellants.**

**FARMERS COOPERATIVE COMPANY, Cross-Petitioner-Appellee,**

v.

**CITY OF PLYMOUTH, Iowa, and Laurel Helm, Defendants to Cross-Petition-Appellants.**

No. 84–534.

Supreme Court of Iowa.

April 17, 1985.

The cross-petition defendant appeals, asserting that only tort damages, not contract damages as here, can be the subject of an indemnity recovery. Because we disagree, we affirm the trial court.

Plaintiff Farmers Cooperative Company (the coop) needed to expand its grain storage facilities in Plymouth, Iowa. Defendant (Stockdales), a corporation engaged in the construction of such facilities, contracted with the coop to build the facility on land leased by the coop within the corporate limits of Plymouth. Construction was to cost $360,000; a $60,000 downpayment was advanced. The coop agreed to obtain a building permit from the municipality.

The coop's officers knew the municipality was zoned but were unaware of the zoning classification of its construction site. They therefore sought out Laurel Helm, Plymouth's administrative official responsible for issuing building permits, and told him of the construction plan, the nature of the construction, and its proposed location. Helm issued the permit.

After construction commenced the city informed the coop that the land upon which the work was progressing was not zoned for such a facility. It prohibited further construction.

The coop then filed a petition in equity seeking to recover from Stockdales the $60,000 downpayment it had advanced. The coop alleged legal excuse for the breach, that is, the legal impossibility of proceeding by reason of the city's zoning ordinances. Stockdales answered and counterclaimed for damages resulting from the coop's breach. The coop and Stockdales each filed a cross-petition against the city and against Helm for indemnification, asserting their negligence in issuing the permit precipitated the ill-fated contract and the damages that flowed from it.

After a bench trial the trial court found the coop breached its contract, and as a result Stockdales was damaged in the amount of $50,081.60. It also found in favor of the coop on its cross-petition for indemnity against both the city and Helm. It entered a judgment of $50,081.60 for

James P. McGuire, Mason City, for appellants.

R. Michael Sweesy, Mason City, for appellee.

HARRIS, Justice.

On a claim for breach of a construction contract there was a cross-petition seeking indemnity on a tort theory. There were recoveries on both the breach of contract claim and the cross-petition for indemnity.

Stockdales against the coop and in the same amount in favor of the coop on the indemnity claim. The city and Helm appeal.

■ Indemnity can arise either by contract or, as in case of a tort, by law. *Sampson v. City of Cedar Falls*, 231 N.W.2d 609, 618 (Iowa 1975). The city's complaint is not aimed directly at the indemnity claim itself; it is aimed at the subject claim, the original contract suit between the coop and Stockdales. The city argues that common law indemnity is not appropriate when the subject claim is contract rather than tort. No claim involving comparative fault is raised or considered.

The city cites a number of authorities which explain the right of indemnity in language which is addressed only to tort liability. Restatement of the Law, Restitution § 96, p. 18 (1937); W. Prosser, *Law of Torts* Ch. 8, § 51, at 31 (4th ed. 1971). The city argues that these definitions limit the right of indemnity in accordance with their language; since these authorities discuss only a shift of tort liability the city thinks contract liability is excluded. We disagree. These authorities are not limiting in their purpose. They are to be read in the light of the fact that at one time no recovery was allowed among joint tort-feasors, another principle of law since discredited.

The city excepts written indemnity contracts from its assertion and with good reason. Contract theory has a more venerable history than tort as an appropriate subject for indemnity. Although such holdings have long since been discredited, it was at one time held in some jurisdictions that a contract for indemnity against future tortious acts was void against public policy. *Jacksonville Terminal Co. v. Railway Express Agency Inc.*, 296 F.2d 256, 261–63 (5th Cir.1961) (*cert. den.* 369 U.S. 860, 82 S.Ct. 949, 8 L.Ed.2d 18 [1962]); *Johnson v. Richmond & D.R. Co.*, 86 Va. 975, 11 S.E. 829 (1890).

The city is mistaken in its limited view of subject claims which are appropriate for indemnity. Iowa law on the general sub-ject of indemnity was well summarized as follows:

> Iowa law recognizes several theories on which indemnity may be permitted: (1) express contract; (2) vicarious liability; (3) *breach of an independent duty between the indemnitor and indemnitee;* and (4) the primary or "active" tortious conduct of the indemnitor as compared to the secondary or "passive" tortious conduct of the indemnitee. [Authorities.] Of these four grounds for indemnification, the first three are based upon a relationship existing between indemnitor and indemnitee, while the fourth ground is based solely on a common liability arising from the concurrent negligence of the parties.

*Hysell v. Iowa Public Service Company*, 534 F.2d 775, 782 (8th Cir.1976) (emphasis added); *accord C.F. Sales Inc. v. Amfert Inc.*, 344 N.W.2d 543, 553–54 (Iowa 1983). In allowing indemnity for breach of an independent duty between the indemnitor and the indemnitee, we have previously made no distinction based on the nature of the liability of the indemnitee.

■ We see no reason to limit indemnity claims as suggested by the city. Contract liability as well as tort liability should be a proper subject of indemnity, even in the absence of an express contract. *See Florida Power Corp. v. Taylor*, 332 So.2d 687 (Fla.App.1976) (Violated distance requirement (contained in easement) subjecting electrical power company to liability, was a proper subject for indemnity.)

AFFIRMED.

All Justices concur except UHLENHOPP, J., who takes no part.